Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7224 | **DATE** | 5/21/2003 |
| **CASE TITLE** | UNITED STATES ex rel. TONY ROBINSON vs. EUGENE McDORY | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Petitioner's amended petition for a writ of *habeas corpus* [13-1] is denied. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAY 22 2003 | 18 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 03 MAY 21 PM 3: 47 | 5/21/2003 date mailed notice | |
| CB | courtroom deputy's initials | Date/time received in central Clerk's Office U.S. DIST. | PW mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MAY 22 2003

| UNITED STATES OF AMERICA ex rel. | ) | |
|---|---|---|
| TONY ROBINSON, | ) | |
| | ) | No. 02 C 7224 |
| Plaintiff, | ) | |
| | ) | Suzanne B. Conlon, Judge |
| v. | ) | |
| | ) | |
| EUGENE McDORY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Tony Robinson was convicted of first degree murder and sentenced to 100 years in prison. The Illinois Appellate Court affirmed. *People v. Robinson*, No. 1-97-2639, slip op. (6th Div. Aug. 6, 1999). The Illinois Supreme Court denied Robinson's petition for leave to appeal. *People v. Robinson*, 186 Ill.2d 584 (1999). Robinson did not petition the United States Supreme Court for a writ of *certiorari*. Robinson then filed a petition for post-conviction relief in the Circuit Court of Cook County. The trial court dismissed the petition. The Illinois Appellate Court affirmed. *People v. Robinson*, No. 1-00-2785, slip op. (5th Div. Mar. 8, 2002). The Illinois Supreme Court denied Robinson's post-conviction petition for leave to appeal. *People v. Robinson*, No. 95228, slip op. (Feb. 5, 2003).

Robinson now petitions for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, claiming violations of the 6th and 14th Amendments. Specifically, Robinson claims (1) the trial court improperly admitted gang-related evidence; (2) the trial court improperly admitted evidence of weapons that were not connected to the murder; (3) the trial court improperly allowed prosecutors to cross-examine defense witnesses on matters outside the scope of direct examination; (4) the state

1



elicited testimony designed to inflame the jury; (5) he was denied a fair trial by the improper closing argument of the prosecutor; (6) the cumulative effect of the trial errors violated his right to a fair trial; and (7) ineffective assistance of appellate counsel.

## BACKGROUND

The following facts are taken from the opinion of the Illinois Appellate Court. *See People v. Robinson*, No. 1-97-2639, slip op. (6th Div. Aug. 6, 1999). For purposes of *habeas* review, the court presumes these factual determinations are correct. 28 U.S.C. § 2254(e)(1); *Abrams v. Barnett*, 121 F.3d 1036, 1038 (7th Cir. 1997). On the afternoon of August 9, 1994, nine-year old Joseph Orr was shot to death as he played in a makeshift clubhouse near 4530 South Champlain, Chicago, Illinois. An autopsy revealed Orr's cause of death as a single gunshot wound to the back. According to trial testimony, a maroon Chevy Malibu pulled up in front of Orr's clubhouse, a man exited the car, and fired toward a crowd of children. Various witnesses identified Robinson as the gunman. The state produced Robinson's statement in which he implicated himself in the shooting and identified the weapon used.

At trial, the state also provided detailed evidence regarding Robinson's gang involvement and gang activity where the shooting occurred. David Jarmusz, a Chicago Police Department gang specialist, explained gang culture, including gang symbols, clothing, graffiti, and tattoos. The state outlined rivalries between the Gangster Disciples and the Blackstones gangs. According to the state's witnesses, the Gangster Disciples controlled the corner of 45th Street and Champlain. Blackstones would commonly come onto the block and shoot at Gangster Disciples. During the summer of 1994, a shooting on that corner occurred about every week.

When the police first interviewed Robinson, he denied gang affiliation. However, he had a tattoo on his arm that suggested he was a member of the Blackstones. After speaking with Robinson,

2

Chicago Police searched a Blackstone safehouse and discovered an array of firearms and ammunition. A nine millimeter pistol obtained from that location was admitted as the murder weapon. The court admitted evidence of the additional weaponry, but refused to allow the jury to view photographs of the weapons during deliberations. The jury returned a verdict finding Robinson guilty of first degree murder.

## DISCUSSION

### I. Procedural Default

Before a federal court may grant *habeas* relief to a state prisoner, he must exhaust his remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To satisfy the exhaustion requirement, the petitioner must have (1) raised the claim in such a way as to fairly apprise the state courts of the constitutional nature of the claim, *Wilson v. Briley*, 243 F.3d 325, 327 (7th Cir. 2001); (2) appealed the claim to the state's highest court, or, where, as in Illinois, review is discretionary, sought to appeal it, *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); and (3) complied with the state's procedural requirements. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). If a claim fails any of these tests, it has been procedurally defaulted.

### A. Fair Presentment

State courts have not been provided a fair opportunity to consider constitutional claims if a petitioner's arguments to the state court did not:

> (1) rely on pertinent federal cases employing constitutional analysis; (2) rely on state cases applying constitutional analysis to a similar factual situation; (3) assert the claim in terms so particular as to call to mind a specific constitutional right; or (4) allege a pattern of facts that is well within the mainstream of constitutional litigation.

*Verdin v. O'Leary*, 972 F.2d 1467, 1473-74 (7th Cir. 1992). For a constitutional claim to be fairly presented to a state court, both the operative facts and the controlling legal principles must be

3

submitted to that court. *Id.* at 1474, *citing Picard v. Connor*, 404 U.S. 270, 277 (1971). It is not enough that all facts necessary to support the federal claim were before the state courts. *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam) (citations omitted).

Robinson failed to fairly present the constitutional nature of claims 1, 2, 3, and 6 to the Illinois state courts. Without Robinson's appellate brief, the court cannot adequately consider whether the constitutional nature of these claims was fairly presented before the Illinois Appellate Court. However, the opinion of the Illinois Appellate Court does not cite or rely upon federal law. *See People v. Robinson*, No. 1-97-2639, slip op. (6th Div. Aug. 6, 1999). Even if Robinson fairly apprised the appellate court of the constitutional nature of his claims, he failed to do so in his petition for leave to appeal in the Supreme Court of Illinois. *See* Resp. Answer, Ex. B. In the petition, Robinson made no mention of his 6th and 14th Amendment rights. Rather, he cast his claim exclusively in state-law terms:

> This court should grant leave to appeal in order to address a recurring problem not addressed by this court in *People v. Colon*, to wit: the increasing practice of overzealous prosecutors introducing excessively detailed and irrelevant gang evidence, and putting defendants on trial not only for the charged crimes, but for the evils and other crimes committed by gangs, simply because the offense is deemed gang motivated.

*Id.* at 2. In addition to citing *People v. Colon*, 162 Ill.2d 23 (1994), Robinson cited *People v. Davenport*, 301 Ill.App.3d 143 (1st Dis. 1998), and *People v. Mason*, 274 Ill.App.3d 715 (1st Dist. 1995). These cases do not apply constitutional analysis to similar factual situations. They articulate only state law principles regarding Illinois Rules of Evidence; available federal precedent is omitted from presentation. Nor are Robinson's claims asserted in terms "so particular" as to call to mind specific constitutional rights. *Verdin*, 972 F.2d at 1473-74. Bare allegations that a petitioner was not given a fair trial are insufficient to alert the state court of a federal claim. *Id.* at 1475, *citing*

*Dougan v. Ponte*, 727 F.2d 199, 201 (1st Cir. 1984); *Daye v. Attorney General of New York*, 696 F.2d 186, 193 (2d Cir. 1982).

## B. Failure to Appeal

Generally, claims not raised on direct appeal may not be raised on collateral review unless a petitioner establishes cause and prejudice. *United States v. Frady*, 456 U.S. 152, 167-168 (1982); *Bousley v. United States*, 523 U.S. 614, 621-622 (1998). Although Robinson presented claims 4 and 5 to the Illinois Appellate Court, he withdrew those claims in his petition for leave to appeal in the Supreme Court of Illinois. Accordingly, those claims are procedurally defaulted.

Robinson did not present his ineffective assistance of appellate counsel claim on direct appeal. But this claim was not practicable on direct appeal. *See, e.g. Massaro v. United States*, 123 S.Ct. 1690 (2003). Robinson raised his ineffective assistance claim in his post-conviction proceedings before the Illinois Appellate Court. *People v. Robinson*, No 1-00-2785, slip op. (5th Div. Mar. 8, 2002). But he failed to raise that claim in his petition for leave to appeal his post-conviction petition. Resp. Answer, Ex. E. Because Robinson failed to include his ineffective assistance of appellate counsel claim in his post-conviction petition to the Supreme Court of Illinois, that claim is procedurally defaulted. *White v. Godinez*, 192 F.3d 607, 607 (7th Cir. 2002) (per curiam).

## C. Cause and Prejudice

Procedural default precludes review by this court unless Robinson demonstrates "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[s] that failure to consider the claims will result in a fundamental miscarriage of justice." *Anderson v. Cowan*, 227 F.3d 893, 899-900 (7th Cir. 2000), *citing Coleman v. Thompson*, 501 U.S. 722, 750 (1991). A fundamental miscarriage of justice is limited to "the extraordinary case, where a

5

constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 321 (1995).

Robinson does not argue or present evidence that demonstrates cause or prejudice resulting from his failure to exhaust his state court remedies. Nor does Robinson argue that he is actually innocent of the crime of conviction. Therefore, Robinson's claims are procedurally defaulted and the court does not reach the merits of his claims.

May 21, 2003

ENTER:

Suzanne B. Conlon
United States District Judge